IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA       :
                               :        CRIMINAL ACTION
         v.                    :
                               :        NO. 04-10332-RCL
JOSEPH MATZ
```

**GOVERNMENT'S MOTION FOR ORDER TO RETURN DEFENDANT
TO STATE PRISON**

The United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, and files this MOTION TO RETURN DEFENDANT TO STATE PRISON as follows:

1. The Interstate Agreement on Detainers ("IAD") was not implicated by Writ of Habeus Corpus ad Prosequendum.

2. Defendant may be returned to sending state, in this case, Connecticut, until such time as the issue of liberty becomes viable. At that point, a writ can issue for his appearance in the District of Massachusetts for the purposes of a detention hearing.

**I. Background**

On November 3, 2004, an indictment was issued charging the defendant with one count in violation of 18 U.S.C. §2113(a). Docket #1.  There was no arrest warrant sought at the time of the

indictment. The case was referred by Order to Chief Magistrate Judge Bowler. Docket #2. On November 15, 2004, a Writ of Habeus Corpus ad Prosequendum was issued requesting that the defendant appear in federal court in Boston on November 19, 2004. Docket #3.

The government filed a motion requesting a continuance of the initial appearance and issuance of a new writ based upon the inability of the U.S. Marshals to secure the defendant's presence from a correctional facility in Connecticut in time for the 11/18/04 appearance. Docket #5. The court granted the motion and a new Writ was issued for December 6, 2004. Docket #6.

**II. Interstate Agreement on Detainers**

Essentially, the Interstate Agreement on Detainers ("IAD"), codified at 18 U.S.C. Appendix 2, is a compact entered into by 48 States [Louisiana and Mississippi are the exceptions], the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000). The IAD establishes procedures by which one jurisdiction ("the receiving state") may obtain temporary custody of a prisoner incarcerated in another jurisdiction ("the sending state" for the purpose of bringing that prisoner to trial." Cuyler v. Adams, 449 U.S. 433, 435 n.1 (1981).

In its entirety, the antishuttling rule in Article III of the IAD reads:

> If trial is not had on any indictment, information, or complaint contemplated herebyprior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and
> the court shall enter an order dismissing the same with prejudice.

18 U.S.C. app. 2, § 2, art. III(d).

Once a prisoner is transferred to the receiving state, the anti-shuttling rule gives him the right to remain in the custody of the receiving state until the receiving state's criminal charges have been disposed of. See, e.g., United States v. Crozier, 259 F.3d 503, 513 (6th Cir. 2001), cert. denied, 534 U.S. 1149 (2002). Put another way, the prisoner has the right not to be transferred, or shuttled, back and forth between the sending state and the receiving state during the course of the criminal proceedings in the receiving state.

**III. The Applicability of the IAD to a Specific Federal Defendant**

The IAD and its anti-shuttling rule apply to a federal defendant only if all of the following four criteria are met. As the defendant fails to meet the fourth criteria, the IAD is not applicable to him and he may be returned to the sending state.

**Criterion No. 1:** *The Federal Defendant Is a Prisoner.*

The IAD applies only to someone who "has entered upon a term of imprisonment in a penal or correctional institution," 18

3

U.S.C. app. 2, §2, art. III(a), or someone who is serving a term of imprisonment, id. art. IV(a).

**Criterion No. 2:** *The Federal Defendant Is a State Prisoner.*

The IAD applies only to defendants who are state prisoners. It does not apply to defendants who are federal prisoners: the United States cannot be both the sending state and the receiving state. Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir. 1994) (per curiam) (collecting cases); United States v. Krohn, 558 F.2d 390, 392 (8th Cir.), cert. denied, 434 U.S. 868 (1977); United States v. Barber, 998 F. Supp. 639, 640 (D. Md. 1998).

**Criterion No. 3:** *The Federal Defendant Is Facing Untried Federal Criminal Charges.*

The IAD applies only when a state prisoner is charged in an untried [federal] indictment, information, or complaint, 18 U.S.C. app. 2, §2, art. III(a), art. IV(a); i.e., it applies only when the state prisoner is facing federal *criminal* charges.

**Criterion No. 4:** *The Transfer of the Federal Defendant from State to Federal Custody Was Preceded by the Lodging of a Federal Detainer*

The IAD applies to a state prisoner facing federal criminal charges only if a detainer based on the federal charges is lodged

4

against the state prisoner *before* he is transferred from state to federal custody. United States v. Mauro, 436 U.S. 340, 361-62 (1978). If no detainer was lodged against the state prisoner before he was transferred to federal custody, the IAD simply does not apply to him.  "When the United States obtains states prisoners by means of a writ of habeus corpus ad prosequendum, the problems that the [IAD] seeks to eliminate do not arise; accordingly, the government is in no sense circumventing the Agreement by means of the writ." [Thus], a writ of habeus corpus ad prosequendum is not a detainer for purposes of the Agreement." Mauro, 436 at 361; see also United States v. Keenan, 557 F.2d 912 (1st Cir. 1977).

As noted, there was no detainer placed upon the defendant at the state facility. The fourth criteria is, therefore, not met and the IAD is not implicated.

## CONCLUSION

Defendant can, after arraignment, be returned to the sending state. When the issue of liberty becomes viable, the government can petition the court for the issuance of a writ to return the defendant to the receiving state, the District of Massachusetts.

                                              Very truly yours,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                               By: _____

```
                                Nadine Pellegrini
                                Assistant U.S. Attorney
```

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by fax and electronic filing:

```
        Lois Lewis
        74 Fuller Terrace
        Newton, MA.
        617-969-4854
```

This 2nd day of December, 2004.

```
                                _____
                                Nadine Pellegrini
                                ASSISTANT UNITED STATES ATTORNEY
```