IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CRIMINAL NO. 04-10332-RCL |
| v. | ) | |
| | ) | |
| JOSEPH MATZ | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF ITS MOTION TO RETURN
THE DEFENDANT TO STATE CUSTODY**

The United States respectfully submits this supplemental memorandum of law in support of its motion to return the defendant to state custody.

I.  <u>Use of a Writ of Habeas Corpus Ad Prosequendum Without a Detainer Does Not Trigger the Interstate Agreement on Detainers.</u>

The defendant suggested in Court on this matter that the Interstate Agreement on Detainers (IAD) should apply even though the government has not lodged a detainer against him.  This argument directly contradicts established Supreme Court precedent.  In <u>United States v. Mauro</u>, 436 U.S. 340 (1978), defendants in one matter before the Court were indicted in federal district court while serving state sentences.  There, as here, writs of habeas corpus ad prosequendum were issued ordering the state correctional facility to produce defendants in federal court.  <u>Id</u>. at 345.  The government did not lodge any detainers against the defendants.  <u>Id</u>. at 361. After being arraigned in federal court and returned to state custody, defendants moved to dismiss their federal charges on the grounds that their rights

under the IAD had been violated because they were returned to state custody without first being tried on the federal indictment.  Id. at 345.

The Supreme Court unambiguously rejected this argument.  The Court found that the purpose of the IAD was to eliminate the problems specifically posed by detainers, such as the potential for lengthy duration and the lack of judicial supervision.  Id. at 359-360.  In sharp contrast, a writ of habeas corpus ad prosequendum is "immediately executed" with judicial supervision.  Id. at 360.  Thus, "[w]hen the United States obtains state prisoners by means of a writ of habeas corpus *ad prosequendum,* the problems that the Agreement seeks to eliminate do not arise; accordingly, the Government is in no sense circumventing the Agreement by means of the writ.  We therefore conclude that a writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the Agreement." Id. at 361.

If the IAD is not triggered, neither is its anti-shuttling provision.  This provision, which requires that "the prisoner be tried before he is returned to the sending State[,] demonstrates a concern of the [IAD] that prisoners not be shuttled back and forth between penal institutions." Id. at 361, n. 26.  However, "the real concern of this provision was that, if the prisoner were returned to the sending State prior to the disposition of the charges in the receiving State, the detainer previously

2

lodged against him would remain in effect with all its attendant problems. **These problems, of course, would not arise if a detainer had never been lodged and the writ alone had been used to remove the prisoner**, for the writ would have run its course and would no longer be operative upon the prisoner's return to state custody." Id. (emphasis added). Thus, in Mauro it was entirely appropriate for the government to return the defendants to state custody after their arraignments, to proceed forward with their cases, and to issue writs of habeas corpus ad prosequendum to secure their presence as needed for trial and other appearances in federal court.

The facts in this case are strikingly similar. As in Mauro, the government has not lodged a detainer against defendant Matz. And, as in Mauro, the defendant has appeared in federal court pursuant to a writ ad prosequendum. Mauro makes clear that such writs alone do not trigger the IAD or its anti-shuttling provision. Thus, as in Mauro, the government should be allowed to return defendant to state custody, to proceed forward with his case, and to issue writs of habeas corpus ad prosequendum to secure his presence as needed for trial and other appearances in federal court. In short, Mauro applies to this case; the IAD does not.

II.  <u>The United States Is Not Required to Lodge a Detainer against the Defendant</u>

Defendant also argued before this Court that the government should be ordered to lodge a detainer against defendant Matz and trigger the IAD before proceeding any further in this case. However, defendant has misinterpreted the scope of the IAD. The IAD places no mandatory requirement on the government to lodge a detainer; it only discusses what to do once such a detainer has already been lodged. 18 App. 2 Art. IV(a) ("The appropriate officer of the jurisdiction in which an untried indictment... is pending shall be entitled to have a prisoner **against whom he has lodged a detainer** and who is serving a term of imprisonment in any party State made available...")(emphasis added).

Moreover, the First Circuit has specifically approved of the use of writs of habeas corpus ad prosequendum without detainers. <u>United States v. Kenaan</u>, 557 F.2d 912 (1st Cir. 1977), <u>cert. denied</u>, 436 U.S. 943 (1978). In <u>Kenaan</u>, the sole issue before the court was whether the IAD was "the exclusive means by which the United States may obtain custody of a state prisoner in disposing of pending federal charges." <u>Id</u>. at 915. In answering that question in the negative, the court explained that because a writ of habeas corpus ad prosequendum is "carried out immediately and is discharged when the prisoner is returned to state custody," it does not "involve the potential for abuse intended

4

to be corrected by the [IAD]." Id. at 916.  Thus, the court concluded that writs of habeas corpus ad prosequendum can be used to bring state prisoners into federal court without the need for detainers or the IAD.

Finally, as the Supreme Court in Mauro noted, the "issuance of ad prosequendum writs by federal courts has a long history, dating back to the First Judiciary Act.  We can therefore assume that Congress was well aware of the use of such writs by the Federal Government to obtain state prisoners and that when it used the word 'detainer,' it meant something quite different from a writ of habeas corpus ad prosequendum." Mauro, 436 U.S. at 360.

III. Conclusion

Where no detainer has been filed, the IAD and its anti-shuttling provision are not applicable.  The government should be allowed to return the defendant to state custody, proceed forward

with his case, and issue writs of habeas corpus ad prosequendum to secure his presence as needed for trial or any other appearances in federal court.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

By:   /s/Sandra S. Bower
       SANDRA S. BOWER
       Assistant U.S. Attorney
       U. S. Attorney's Office
       John Joseph Moakley
       United States Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       617-748-3184