```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )
     v.                       )    CRIMINAL NO. 04CR10332-RCL
                              )
JOSEPH MATZ,                  )
                              )
     Defendant.               )
_____)
```

## DEFENDANT'S MOTION FOR DISCOVERY

Defendant, by his attorney, hereby moves this Court to order the government to provide him with the following discovery, which defendant requested by letter dated January 20, 2005, and which the government refused to provide by letter dated February 3, 2005:

1. Any and all documents which relate in any way to the delay in indicting defendant for the Federal Street bank robbery and the reasons for the delay.

Defendant was indicted for the November 12, 1999, robbery of BankBoston, 175 Federal Street, Boston, Massachusetts, on November 3, 2004, just days before the expiration of the five year statute of limitations.  On October 13, 2000, defendant was sentenced in Hampden County Superior Court to a term of imprisonment in Massachusetts on the basis of his plea of guilty to a robbery of a bank in Springfield, Massachusetts, on November 5, 1999.  On April 2, 2001, defendant was sentenced in Hartford

Superior Court to a term of imprisonment in Connecticut on the basis of his plea of guilty to a robbery of a bank in Hartford, Connecticut, on November 18, 1999.  Defendant was arrested in New York City on November 29, 1999, and charged with the Hartford and Springfield robberies shortly thereafter.  Even though defendant was questioned by FBI agents about the Federal Street robbery at the time of his arrest and the note used in the Federal Street robbery was submitted to the FBI lab for a fingerprint analysis on December 1, 1999, the government apparently took no action to charge defendant until his indictment in the present case.[1]

Defendant has a right to challenge this pre-indictment delay under the due process clause of the Fifth Amendment if he can show that the delay caused him actual prejudice and that the delay was undertaken by the government solely for the purpose of gaining a tactical advantage. United States v. Marion, 404 U.S. 307, 324 (1971); United States v. Marler, 756 F.2d 206, 213 (1st Cir. 1985).  In order to establish that the delay was undertaken by the government for the purpose of gaining a tactical advantage, defendant must be able to obtain discovery as to the reasons the government did not take any action against him for years after it had identified him as the perpetrator of the Federal Street robbery.  See United States v. Stokes, 124 F.3d

---

[1]/ The FBI lab identified defendant's fingerprints on the note used in the Federal Street robbery in a report dated November 22, 2000.

39, 45 (1st Cir. 1997).  Clearly, this is information that is totally within the control of the government and otherwise unobtainable by defendant.  Unless defendant is able to obtain this information, he will not be able to enforce his constitutional right against excessive pre-indictment delay.  Accordingly, the government should be ordered to provide the information sought as to its reasons for the lengthy pre-indictment delay.

    2.  A summary of the testimony of the government's fingerprint expert including the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

    The government is specifically required to furnish this discovery to defendant pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.  Defendant is seeking "any and all documents generated by the expert which explain or demonstrate his conclusion that the prints are of defendant" pursuant to this requirement and does not seek, as the government claims, any "internal government documents."

WHEREFORE, defendant prays that this Court order the government to provide the foregoing discovery to defendant.

                              JOSEPH MATZ,
                              By his Attorney,

                              /s/ *Jonathan Shapiro*
                              Jonathan Shapiro
                              BBO No. 454220
                              Stern, Shapiro, Weissberg
                               & Garin, LLP
                              90 Canal Street, Suite 500
                              Boston, MA 02114-2022
                              617-742-5800

Dated: February 22, 2005