UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10332-RCL |
| ) | |
| JOSEPH MATZ ) | |
| ) | |
| Defendant ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY**

The Defendant has asked this Court to order the Government to produce certain materials in discovery. First, the Defendant seeks materials relating to the delay prior to his indictment. Def. Motion 1. For the reasons set forth below, this request should be denied. Second, the Defendant seeks materials relating to the Government's expert fingerprint witness. Def. Motion 3. The Government agrees to produce these materials within 30 days.

1. **Defendant's First Request For Additional Discovery Relating to Preindictment Delay Should Be Denied**

    a. <u>Defendant's First Request Is Not Material To Preparation of the Defense</u>

    Defendant seeks "[a]ny and all documents which relate in any way to the delay in indicting defendant for the Federal Street bank robbery and the reasons for the delay," in order to raise a due process challenge to his prosecution. Def. Motion 1. Rule 16(a)(1)(C)(i) of the Federal Rules of Criminal Procedure grants

1

defendants the right to discovery of documents and objects if the "item is material to preparing the defense." In an analogous context, the Supreme Court reasoned that an "item is material to preparing the defense" if it is part of

> the defendant's response to the Government's case in chief. While it might be argued that as a general matter, the concept of a 'defense' includes any claim that is a 'sword,' challenging the prosecution's conduct of the case, the term may encompass only the narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)(C) tends to support the 'shield-only' reading.

United States v. Armstrong, 517 U.S. 456, 462 (1996)(involving defendant seeking discovery in order to establish a selective prosecution challenge). The reasoning in Armstrong is applicable to the case here.[1] Defendant seeks discovery of documents relating to the preindictment delay to use as a "sword" to raise a due process claim, not as a "shield" to respond to the government's case in chief. Allowing discovery of such documents (if any exist, which the government does not concede) would contradict the Supreme Court's interpretation of Rule 16(a)(1)(C) in Armstrong. Accordingly, Defendant's first request for discovery should be denied.

---

[1] See, e.g., United States v. Rashed, 234 F.3d 1280, 1286-1286 (D.C. Cir. 2000) (court applied Armstrong to deny defendant's request for discovery relating to allegation of "sham" prosecution").

2

  b. <u>Defendant's Due Process Challenge to Preindictment Delay Fails Both Prongs of the <u>Marion</u> Test</u>

  Defendant's first request for discovery should also be denied because his due process challenge to the preindictment delay is unsustainable.  A defendant who raises such a challenge must satisfy a two-pronged test.  <u>United States v. Marion</u>, 404 U.S. 307, 324 (1971); <u>see</u> <u>also</u> <u>United States v. Stokes</u>, 124 F.3d 39, 47 (1st Cir. 1997).  First, the defendant must show that the "the preindictment delay caused him actual, substantial prejudice."  <u>Stokes</u>, 124 F.3d at 47.  Second, the defendant must show that "the prosecution orchestrated the delay to gain a tactical advantage over him."  <u>Id.</u>  Defendant's burden in satisfying this two-pronged test is a "heavy" one.  <u>Id.</u>

  With respect to the first prong of the <u>Marion</u> test, Defendant here has made no showing that the preindictment delay caused him any prejudice whatsoever, let alone prejudice of an "actual and substantial" nature.  <u>Stokes</u>, 124 F.3d at 47.  Absent any such showing, Defendant's due process claim clearly fails to satisfy the first <u>Marion</u> prong.  Moreover, the only court to address the issue of discovery in <u>Marion</u> claims held that even where the first prong is satisfied, the right to discovery is not necessarily triggered.  <u>United States v. Mulderig</u>, 120 F.3d 534,

3

540 (5th Cir.), cert. denied, 523 U.S. 1071 (1998).[2]

Defendant's due process claim also clearly fails to satisfy the second Marion prong. Defendant argues that he is entitled to discovery of any documents relating to the preindictment delay in order to establish that "the delay was undertaken by the government for the purpose of gaining a tactical advantage." Defendant's assertion that a tactical advantage exists (which the Government does not concede) is at best speculative. Equally speculative is Defendant's assertion that the Government undertook the delay for the purpose of gaining such an unspecified tactical advantage. "[M]ere speculation... [is] clearly insufficient to make out a due process violation." United States v. Kenrick, 221 F.3d 19, 33 (1st Cir. 2000), citing United States v. McCoy, 977 F.2d 706, 711 (1st Cir. 1992). Thus, Defendant's due process claim fails both prongs of the Marion test. Accordingly, Defendant's request for discovery relating to the preindictment delay should be denied.

---

[2] In Mulderig, the Fifth Circuit held that where a defendant satisfies the first prong of Marion, defendant was not necessarily entitled to discovery. Rather, it was appropriate for the district court to conduct an in camera, ex parte review of government documents to determine whether the second prong of Marion had also been satisfied, i.e. whether the government intended the delay specifically to gain a tactical advantage. Mulderig, 120 F.3d at 540.

## 2. The Government Will Provide Materials Relating to its Expert Fingerprint Witness

With respect to Defendant's second request for discovery, the Government has already produced a copy of a fingerprint report by FBI Examiner Janice Norris Little.  Additionally, the Government agrees to provide a summary of her expected testimony, including her opinions, bases for opinions, and qualifications within 30 days.

### CONCLUSION

With respect to Defendant's first claim, for the reasons set forth above Defendant's motion should be denied.  With respect to Defendant's second claim, the Government agrees to provide the materials requested.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    UNITED STATES ATTORNEY

        By:  /s/ S. Waqar Hasib
              S. WAQAR HASIB
              Spec.  Assistant U.S. Attorney

Dated: March 8, 2005

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify I have caused a copy of the foregoing document to be served on counsel of record via electronic filing this 8th day of March, 2005.

                                        <u>/s/ S. Waqar Hasib</u>
                                        S. WAQAR HASIB
                                        Spec. Assistant U.S. Attorney