```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          v.                    )  CRIMINAL NO. 04-10332-RCL
                                )
JOSEPH MATZ                     )
                                )
          Defendant             )
```

**GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM**

The government hereby opposes the defendant's argument, submitted in his sentencing memorandum to this Court, for a downward departure or, in the alternative, a non-guideline sentence.

**ARGUMENT**

**A.   DEFENDANT'S TREATMENT AS A CAREER OFFENDER DOES NOT OVER-REPRESENT THE SERIOUSNESS OF HIS CRIMINAL HISTORY**

The defendant urges this court to grant a downward departure because his "treatment as a career offender significantly over-represents the seriousness of his criminal history." Def. Mem. 9-10 (internal quotations removed). Respectfully, the government disagrees. As the Probation Office has noted, the defendant's criminal history consists primarily of violent crimes, including breaking and entering and robbery. Presence Report 36. Importantly, a downward departure is only appropriate where "reliable information" indicates that the defendant's criminal

1

history is substantially over-represented. U.S.S.G. § 4A1.3(b). Here, the defendant has submitted no such information. In particular, there is no reliable information to support the defendant's claim that assault and battery charges against corrections officers were brought against him as retribution. Presentence Report 33. To the contrary, according to the Probation Department, during various periods of incarceration the defendant has sustained 58 disciplinary reports, four parole failures, and several instances of fighting inmates. Presentence Report 8, 13. In short, the defendant's characterization as a career offender is appropriate.

Even if this Court finds that the defendant's criminal history is overstated, the extent of any downward departure should not exceed one level. U.S.S.G. § 4A1.3(b)(3).

**B.    A DOWNWARD DEPARTURE TO ACCOUNT FOR SEPARATE PROSECUTIONS IS NOT APPROPRIATE IN THIS CASE**

Defendant urges this Court to depart downward because the government's "unexplained delay" in bringing an indictment has reduced the amount of time on his federal sentence that he can serve concurrently with his state sentences. Def. Mot. 12. Respectfully, this is not an appropriate ground on which to base a departure.

  1.  <u>The Only State Sentence That Could Have Been Applied Concurrently Is The Defendant's Current Sentence In Connecticut</u>

First, as a point of clarification, fingerprint analysis

tests that form the bulk of the government's evidence in the instant offense were not completed until November 22, 2000. By that date, the defendant had already been convicted in Hampden Superior Court of robbing a bank in Springfield, Massachusetts. Thus, in any event the government could not have indicted the defendant with the instant offense until after his conviction for the Springfield Robbery. Accordingly, any argument the defendant may make with respect to concurrent sentencing can only take into consideration the robbery he was convicted of in Connecticut state court on April 2, 2001, for which he is currently serving a sentence.

    2.   <u>Defendant's Assumption That He Would Have Received Concurrent Sentences Is Speculative At Best</u>

The defendant assumes that had he been charged with the instant offense at the same time he was convicted in Connecticut, he would likely have received concurrent federal and state sentences. Def. Mem. 12. This assumption is speculative, at best. The guideline provision upon which the defendant rests his claim states that "the sentence for the instant offense **may** be imposed to run **concurrently, partially concurrently, or consecutively**" to any undischarged state sentence. U.S.S.G. § 5G1.3(c) (emphases added). In other words, even had he been charged with the instant offense at the same time as the Connecticut robbery, he is just as likely to have received a

consecutive federal sentence as he is to have received a concurrent one.

    3.   <u>Defendant's Reliance On Application Note 3(E) Is Misplaced</u>

Defendant relies on Application Note 3(E) of U.S.S.G. § 5G1.3(c), to support his argument for a downward departure. Def. Mem. 13. His reliance is misplaced. Application Note 3(E) allows for a downward departure "in an extraordinary case [where]... for example... the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct **only partially within the relevant conduct for the instant offense**." U.S.S.G. § 5G1.3(c) Application Note 3(E) (emphasis added). However, in this case, the Springfield and Hartford robberies are not within the relevant conduct for the Boston robbery with which defendant is charged here. <u>See</u> Presentence Report 36. Accordingly, defendant's reliance on this application note is misplaced.

    4.   <u>The Delay In This Case Was Reviewed By A Neutral Magistrate Judge During The Discovery Process</u>

The defendant alleges that the delay in indictment in the instant offense is "unexplained." Def. Mem. 12. Respectfully, the government disagrees. The delay was explained, albeit in a sealed affidavit[1], to Magistrate Judge Bowler in the context of a

---

[1] For sentencing purposes, the government will resubmit the same affidavit under seal to this Court as an attachment to this opposition memorandum.

4

discovery motion filed by the defendant. Docket No. 16, Def. Mot. at 2. There, the defendant sought discovery of internal government memoranda in order to sustain a due process claim that the government intentionally delayed indictment in order to gain a tactical advantage. Id.; see generally United States v. Marion, 404 U.S. 307, 324 (1971)(defendant challenging preindictment delay must show delay caused prejudice, and was orchestrated by prosecution in order to gain tactical advantage). Upon reviewing the government's sealed affidavit explaining the delay, Magistrate Judge Bowler denied the defendant's motion. See June 16, 2005 Electronic Order.

   5.   Preindictment Delay Is Not An Appropriate Grounds Upon Which To Depart Downwards

General allegations of preindictment delay are insufficient grounds to warrant a departure. "[N]o circuit has allowed a downward departure on the basis of preindictment delay alone, absent prejudice to the defendant, and no circuit has allowed a downward departure without unreasonable delay or bad faith." United States v. Stuart, 384 F.3d 1243, 1247 (11th Cir. 2004); cf. United States v. McCoy, 977 F.2d 706, 711 (1st Cir. 1992)(upholding denial of motion to dismiss on grounds that "mere speculation and bare allegations" of prejudice are insufficient).

The defendant here has not shown any prejudice caused by the delay in indictment. Any lost opportunity to serve a portion of his federal sentence concurrently with his state sentence is, on

its own, insufficient to show prejudice. <u>United States v. Los Santos</u>, 283 F.3d 422, 428 (2nd Cir. 2002)(holding that in order to depart based on missed opportunity for concurrent sentencing, preindictment delay must have been in bad faith or an unreasonable amount of time for government to investigate case); <u>but</u> <u>see</u> <u>United States v. Barrera-Saucedo</u>, 385 F.3d 533 (5th Cir. 2004)(holding that court may grant downward departure to illegal alien to account for all or part of time served in state custody on other charges); <u>United States v. Sanchez Rodriguez</u>, 161 F.3d 556, 564 (9th Cir. 1998) (finding no abuse of discretion where district court departed downward based solely on lost opportunity to serve federal and state time concurrently).

The First Circuit has specifically recognized that "the ordinary accidents of acceleration or delay are part of the fabric of criminal proceedings." <u>United States v. Saldana</u>, 109 F.3d 100, 104 (1st Cir. 1997). The government concedes that the court in <u>Saldana</u> also speculated that there could be cases where "an innocent delay produced sentencing consequences so unusual and unfair that a departure would be permissible." <u>Saldana</u> 109 F.3d at 104. By no means, however, does the government concede that a guideline sentence in this case would be the kind of "unusual and unfair" consequence envisioned by the <u>Saldana</u> court. <u>Id.</u> Defendant's status as a career offender has not changed as a result of the delay. Nor has his guideline range; the defendant

would face a 151-188 month sentence regardless of when he had been indicted.  Finally, as even the defendant admits, he was indicted within the period of statute of limitations.  Def. Mem. 8.  The statute of limitations is "the primary guarantee against bringing overly stale charges."  United States v. Marion, 404 U.S. 307, 322 (1971), quoting United States v. Ewell, 386 U.S. 116, 122 (1966).  In sum, the guideline sentence here is neither unusual nor unfair.  The defendant's downward departure argument should be denied.

**C.   A LOW END GUIDELINE SENTENCE MONTHS TAKES INTO CONSIDERATION THE FACTORS SET FORTH IN 18 U.S.C. § 3553**

The offense here is a serious one, robbery in which a death threat was used.  Moreover, other than during his periods of incarceration, the defendant has shown little ability to resist the drug habit that he suggests caused him to commit these crimes.  Thus, there is a substantial need to protect the public from further crimes.  On the other hand, the government notes the thoughtful and sincere letters submitted by the defendant's family, and indeed by the defendant himself, to this Court.  In light all of those factors, a low end guideline sentence of 151 months is a reasonable one.

**CONCLUSION**

For the forgoing reasons, defendant's argument for a

downward departure or, in the alternative, a non-guideline sentence, should be denied.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:   /s/ S. Waqar Hasib
                                     S. WAQAR HASIB
                                     Assistant U.S. Attorney