```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )
     v.                       )     CRIMINAL NO. 04CR10332-RCL
                              )
JOSEPH MATZ,                  )
                              )
     Defendant.               )
_____)
```

### DEFENDANT'S MOTION TO UNSEAL AFFIDAVIT

Defendant Joseph Matz, by his attorney, hereby moves this Court to unseal the affidavit filed by the government as an attachment to its opposition to defendant's sentencing memorandum for the following reasons:

1. Although the government had information that defendant had committed the instant offense within a short time of his arrest on another bank robbery charge on November 29, 1999, it did not indict him until November 3, 2004, just eight days before the expiration of the statute of limitations. In the meantime, defendant had been convicted in Massachusetts of the Springfield bank robbery on which he had been arrested and in Connecticut of another Hartford bank robbery. The instant offense and the two other bank robberies were committed within three weeks of each other while defendant was on a cocaine-induced binge. He was sentenced to 3-4 years in Massachusetts state prison for the Springfield robbery and 10 years, with 5 to serve, in Connecticut

state prison for the Hartford robbery.  To date, he has served a total of 6½ years on these sentences, having been discharged on the Massachusetts sentence and having two years remaining on the Connecticut sentence.

    2.  In the course of pre-trial proceedings, defendant filed a motion for discovery in which he sought "[a]ny and all documents which relate in any way to the delay in indicting defendant for the Federal Street bank robbery and the reasons for the delay."  Defendant argued that this information was necessary to determine whether the government had violated his due process right by unreasonable pre-indictment delay that was undertaken for the purpose of gaining a tactical advantage.  See United States v. Marion, 404 U.S. 307, 324 (1971); United States v. Marler, 756 F.2d 206, 213 (1st Cir. 1985).

    3.  The government opposed this motion on the grounds that the information sought was not material to defendant's preparation of a defense, and that defendant had not made a sufficient showing that he had been prejudiced by the delay or that the delay had been undertaken by the government to secure a tactical advantage.  After a hearing, the Magistrate Judge (Bowler, M.J.) ordered the government "to file documentation in camera and in affidavit form" relating to the delay.  See April 27, 2005, Electronic Clerk's Notes.  On June 16, 2005, the Magistrate Judge denied, without explanation, defendant's motion

for discovery after reviewing the government's sealed affidavit. <u>See</u> June 16, 2005, Electronic Order.

    4.  In his Sentencing Memorandum, defendant has requested that in sentencing him the court take account of the fact that as a result of the government's delay in indicting him he "lost the opportunity to serve state and federal time concurrently," a recognized ground for a downward departure.  <u>See</u> <u>United States v. Sanchez-Rodriguez</u>, 161 F.3d 556, 564 (9th Cir. 1998)(<u>en banc</u>). In its Response, the government argues that the pre-indictment delay is not an appropriate ground upon which to depart.  While recognizing that every circuit "that has considered this issue has determined that preindictment delay may support a downward departure," <u>United States v. Stuart</u>, 384 F.3d 1243, 1247 (11th Cir. 2004), the government argues that defendant has not made the showing that the delay was "longer than a reasonable amount of time for the government to have diligently investigated the crime involved." <u>United States v. Los Santos</u>, 283 F.3d 422, 428(2nd Cir. 2002).  In support of this argument, the government has filed under seal the same affidavit it submitted to the Magistrate Judge in which it claims that the pre-indictment delay is explained.  <u>See</u> Gov't Response at 4.

    5.  Defendant submits that it is fundamentally unfair for information which is relevant to a material issue in the sentencing proceeding – whether the government's delay in

3

prosecuting him was reasonable - to be withheld from him.  Since this information may be exculpatory, the government is obligated to produce it pursuant to L.R. 116.2(A)(4) since it would diminish defendant's offense level under the Guidelines. Moreover, the government should be required to justify any submission of a sealed document and obtain leave of court before filing it pursuant to L.R. 7.2.

WHEREFORE, defendant prays that this Court order that the affidavit filed by the government be unsealed and furnished to him prior to the sentencing hearing scheduled for May 17, 2006.

JOSEPH MATZ,
By his Attorney,


/s/ *Jonathan Shapiro*
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
617-742-5800

Dated: May 8, 2006


**CERTIFICATE OF SERVICE**

I hereby certify that this document(s)
filed through ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those
indicated as non registered participants on 5/8/06 .

/s/ *Jonathan Shapiro*