```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )
     v.                       )     CRIMINAL NO. 04CR10332-RCL
                              )
JOSEPH MATZ,                  )
                              )
     Defendant.               )
_____)
```

**DEFENDANT'S REPLY TO GOVERNMENT'S**
**RESPONSE TO SENTENCING MEMORANDUM**

1.   The government argues that defendant's treatment as a career offender is appropriate, in part, because he received disciplinary reports and there were several instances of fighting inmates while he was in prison, and he had four failures during the times he was on parole.  See Gov't Response at 2.  Needless to say, however, these occurrences are not considered "sentences" and are completely irrelevant to the calculation of a defendant's Criminal History Category under the Guidelines.

The government also argues that, to the extent the Court finds that defendant's criminal history is overstated, §4A1.3(b)(3) limits the extent of any downward departure to one criminal history category.  Since this limitation of downward departures was not in effect at the time defendant committed the instant offense (see Appendix C, amendment 651, October 27, 2003), it would violate the ex post facto clause of the United

States Constitution to use the current Guideline Manual. <u>See</u> U.S.S.G. §1B1.11(b)(1). Instead, the Guideline Manual in effect on the date of the commission of the instant offense should be used. <u>Id</u>.

    2. The government argues that even if defendant had been indicted and prosecuted for the instant offense promptly after receiving the final fingerprint analysis in November of 2000, any federal sentence could not have been imposed to run concurrently with the 3-4 year Massachusetts sentence for the Springfield bank robbery because, according to the government, that sentence had already been imposed. Thus, the government seems to argue that a federal sentence cannot be run concurrently with a state sentence that had been imposed prior to the federal conviction. <u>See</u> Gov't Response at 3.

    It is clear, however, that a federal sentence can be imposed concurrently with the undischarged portion of a state sentence, regardless of the fact that the state sentence was imposed prior to the federal sentence. <u>See</u> U.S.S.G. §5G1.3(c)("In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.") Indeed, even in a case where a prior term of imprisonment has be completely discharged,

a downward departure is authorized if it is appropriate to achieve reasonable punishment for the instant offense.  See U.S.S.G. §5G1.3 Application Note 4; <u>United States v. O'Hagan</u>, 139 F.3d 641, 657 (8th Cir. 1998)(holding that a sentencing court could downwardly depart to adjust for time served on a discharged state sentence).

This Court is, therefore, authorized to downwardly depart to take account of all of the time defendant has served on the discharged Massachusetts sentence as well as on the partially discharged Connecticut sentence.

3.  The government labels as speculative defendant's argument that if he had been prosecuted for the instant offense in a timely manner it is likely that his federal sentence would have been imposed to run concurrently with the Massachusetts and Connecticut sentences.  <u>See</u> Gov't Response at 3.  While it is, of course, impossible to know with any certainty what would have happened, this Court can make a reasonable approximation of the sentence that would have been imposed, taking into account the policy of the Guidelines to ensure that there is reasonable incremental punishment for the instant offense and that punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings.  Indeed, a previous version of the Commentary to U.S.S.G. §5G1.3, Application Note 3, deleted in 1995 (<u>see</u> Appendix C, amendment 535), suggested a way

in which a court could make such a reasonable approximation:

> To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment <u>that approximates the total punishment that would have been imposed under §5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time</u>. (Emphasis added)

As defendant suggested in his Sentencing Memorandum, if he had been prosecuted and convicted federally for all three bank robberies in 2000, his Guideline sentencing range as a career offender would have been the same as it is today, 151-188 months.[1] See Def's Sentencing Memorandum at 12. If such a sentence had been imposed, defendant would have actually had to serve, with 15% credit for good time, a total of approximately 128 months, 27 months longer than the time he will have served when he is released from his Connecticut sentence in May of 2008.

---

[1]/ The offense level for each of the bank robberies would have been the same: a base offense level of 20 pursuant to §2B3.1(a), increased by 2 pursuant to §2B3.1(b)(1) because the property of a financial institution was taken, and increased by 2 pursuant to §2B3.1(b)(2)(F) because a threat of death was made, for a total of 24. Applying the grouping rules of §3D1.4(a), three levels are added because each group is equally serious, for a total offense level of 27, reduced by 3 levels for acceptance of responsibility to an adjusted offense level of 24. At a Criminal History Category VI, this would yield a sentencing range of 100-125 months. However, since defendant would have qualified as a career offender in 2000, his total offense level would have been 32 pursuant to §4B1.1(b)(C), reduced by three levels for acceptance of responsibility to 29. At a Criminal History VI, this would yield a sentencing range of 151-188 months.

If the government's recommendation of a 151 month sentence to run concurrently with the undischarged portion of the Connecticut sentence (24 months) is followed, the incremental punishment for the instant offense will be 127 months.[2] This would truly result in an unjust and unreasonable sentence.

   5.   Contrary to the government's argument that preindictment delay is not an appropriate ground for a downward departure, every circuit "that has considered this issue has determined that preindictment delay may support a downward departure." United States v. Stuart, 384 F.3d 1243, 1247 (11th Cir. 2004).  The "lost opportunity to serve state and federal time concurrently" resulting from such delay is, moreover, a recognized reason for such a departure.  See United States v. Sanchez-Rodriquez, 161 F.3d 556, 564 (9th Cir. 1998)(en banc); United States v.Barrera-Saucedo, 385 F.3d 533, 537 (5th Cir. 2004).  Thus, a downward departure is appropriate where the delay was "longer than a reasonable amount of time for the government to have diligently investigated the crime involved." United States v. Los Santos, 283 F.3d 422, 428 (2nd Cir. 2002); see also Sanchez-Rodriquez, 161 F.3d at 564 (affirming the grant of a downward departure when due to an "entirely arbitrary delay" by the government the

---

   [2]/ Although it is unclear from its Response, the government attorney has indicated that it is recommending that the Guideline sentence be imposed to run concurrently with the two year undischarged portion of the Connecticut sentence.

defendant lost the ability to serve his state and federal sentences concurrently); United States v. Saldana, 109 F.3d 100, 104 (1st Cir. 1997)("a careless or even an innocent delay" might produce sentencing consequences "so unusual and unfair that a departure would be permissible").

Even though the government has filed under seal the affidavit in which it purports to "explain" the preindictment delay in the present case,[3] it would appear that the delay of eight days less than five years was "longer than a reasonable amount of time for the government to have diligently investigated the crime involved." Los Santos, 283 F.3d at 428. Defendant was identified as the perpetrator of the November 12, 1999, Federal Street bank robbery (the instant offense), by latent fingerprints lifted from the handwritten demand note used in the robbery. This note was submitted to the FBI Laboratory on December 1, 1999, and a report (No. 991201010 FV) was issued on January 6, 2000, less than two months after the robbery.[4] Subsequently, on November 22, 2000, the FBI Laboratory issued a report which supplemented and completed the report of January 6, 2000. This report (attached hereto as Exhibit A) identified 35 latent fingerprints on the demand note and on an withdrawal slip found

---

[3]/ Defendant has moved to unseal this affidavit.

[4]/ Although defendant has requested the production of this report, the government attorney has stated the government does not have it.

at the scene as the fingerprints of defendant.

It appears, therefore, that the government had all of the information it needed to have indicted defendant as early as January of 2000, and no later than November of 2000. Its failure to do so, resulting in the loss to defendant of the opportunity to serve his state and federal sentences concurrently, clearly warrants a downward departure or a non-Guideline sentence which takes account of this lost opportunity.

### Conclusion

For the reasons set forth in his Sentencing Memorandum and above, defendant requests that this Court impose a non-Guideline sentence of 28.5 months that is concurrent with the undischarged term of his Connecticut sentence and would permit him to be released from state and federal custody at the conclusion of the Connecticut sentence. Additional reasons for this request, in defendant's own words, are set forth in the letter to the Court from defendant, attached hereto as Exhibit B.[5] Alternatively, defendant requests that the Court either grant a downward departure or impose a non-Guideline sentence of no more than 60 months to run concurrently with the undischarged term of his Connecticut sentence so that his combined state and federal punishment would be the same as if he had been indicted and

---

[5] / A letter to the Court from defendant's sister is attached hereto as Exhibit C.

prosecuted for all three bank robberies at the same time.

                                        JOSEPH MATZ,
                                        By his Attorney,

/s/ *Jonathan Shapiro*
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
617-742-5800

Dated: May 9, 2006

**CERTIFICATE OF SERVICE**

     I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 5/9/06 .

/s/ *Jonathan Shapiro*